## EATON VS. PATCHIN and another.

### *Practice—Record.*

1. An order sustaining a demurrer to a *reply* as "insufficient to constitute a defense to new matter set forth in the *answer*," must be sustained if the answer is not contained in the record.
2. The plaintiff cannot, in such a case, file in this court the copy of the answer served upon him, with an affidavit that the original was never filed in the court below; but must get the answer or a copy of it filed there, and certified up one of the appeal papers.

APPEAL from the Circuit Court for *Waupaca* County. The facts are stated in the opinion of the court.

*R. P. Eaton*, in person.

*E. & C. T. Wakeley* and *M. B. Patchin*, for respondents.

DIXON, C. J. This was an action of ejectment for certain lots in the village of Springer's Point, Waupaca county. It appears from a brief statement of the pleadings found in the bill of exceptions, that the defendants answered denying generally the allegations of the complaint, and alleging new matter of title to the premises in controversy in the defendant *Patchin*, by virtue of certain tax deeds, and also title in one Thomas L. Eaton, by virtue of a tax, under whom the defendants claimed to hold possession. The parties went to trial on complaint and answer, and, the plaintiff having given evidence of a complete chain of title from the United States to himself and rested, the defendants offered the tax deeds in evidence, which were received. The plaintiff then proposed to impeach the tax deeds for divers alleged irregularities, and offered evidence for that purpose, which was objected to by the defendants, and the objection sustained, because the plaintiff had made no reply to the new matter. To obviate this objection, the plaintiff asked leave to make and file his reply, which was granted. The reply having been made and filed, the defendants demurred to it on the ground that the facts set forth in it " were not sufficient to constitute a defense to the new matter set forth in the defendant's answer." The court sustained the demurrer, and from the order sustaining it this appeal was taken. The reply is set out in the bill of exceptions, but the answer is not. Neither is the answer returned by the clerk of the circuit court. The return contains only the complaint, reply and bill of exceptions. The cause came on for argument in this court at the last term, when the defect in the return was suggested to the plaintiff, who appears in his own person, and the cause was continued until this term to enable him to have the return perfect-

ed. This he failed to do ; and the cause coming on again at this term, we stopped the argument and directed a judgment affirming the order. It was so obvious that we could not determine whether the reply was " sufficient to constitute a defense to the new matter set forth in the defendant's answer" without having the answer before us, that we would not allow time and words to be wasted on the question.

The plaintiff proposed to make affidavit that the original answer had never been filed in the court below, and also to file in this court the copy of the answer which had been served upon him. But neither of these propositions could be listened to. The only way to get the answer or a copy of it before us, was to have it filed in the court below and certified up by the clerk of that court as one of the papers upon the appeal, according to the regular course of proceeding. The order was affirmed.